**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                  Case No. 1:19-cr-01631 KWR-6

PRAGNESHKUMAR PATEL,

      Defendant.

## ORDER DENYING DEFENDANT PATEL'S MOTION TO MODIFY CONDITIONS OF RELEASE

THIS MATTER is before the Court on Defendant Patel's Motion to Modify Conditions of Release **(Doc. 208)**.  This is Defendant Patel's third motion to modify conditions of release.  The first motion was withdrawn, and the Court denied his second motion.  He now seeks to modify his "curfew hours" to 11:00 p.m. to 11:00 a.m., and to allow travel within the Southern District of Alabama, and outside that district to Montgomery, Alabama.  Having conducted a *de novo* review of the record in this case, pretrial services' report and recommendation, and the parties' pleadings, the Court finds Defendant Patel's Motion is not well taken and, therefore, is **DENIED.**

Initially, neither party has requested a hearing or cited to a statutory provision requiring a hearing on this matter.  Therefore, the Court declines to hold a hearing.  *See, e.g., United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the court may hold a hearing on an appeal of a detention order, but that a hearing is not required).

Defendant was released with conditions.  Two of those conditions of release are home detention and location monitoring through an ankle bracelet.  Defendant is allowed to leave his home for employment and other reasons.  **Doc. 179-1.**

Defendant Patel is accused of participating in a conspiracy to coerce women into sex trafficking. He allegedly knowingly owning and operating the Best Choice Inn in Albuquerque, New Mexico, and running it as a drug premises and a brothel structured to force and coerce women into performing commercial sex acts. The Government alleges as follows. Bank records reflect he drew $11,000 in pay to run the hotel in the final quarter of 2017 and first quarter of 2018, while his employee earned $288 for the first quarter of $288. After Defendant moved from Albuquerque to Alabama, Defendant drew $20,000 a month in lease fees gathered from prostitutes and addicts at the hotel through co-defendant Bhula. The Government alleges that Defendant Patel knew his motel maintained women who would be forced to perform commercial sex acts due to his coercive fee structure and that he knew his motel was used to sell and use illegal narcotics. Defendant allegedly profited from this operation.

The Government represents that Defendant faces a mandatory minimum of fifteen years in prison if convicted on the sex trafficking offenses. The Government also represents that the high end of the guidelines could be life imprisonment.

The grand jury returned a superseding indictment charging Defendant with conspiracy, sex trafficking by means of force, threats, fraud, and coercion, benefitting financially from a sex trafficking venture, interstate and foreign travel and transportation in aid of racketeering enterprises, maintaining a drug-involved premises, and maintaining a drug-involved premises within 1,000 feet of a school.

On November 20, 2019, a detention hearing was held before United States Magistrate Judge Bert. W. Milling, Jr. in the Southern District of Alabama. Defendant Patel was released on conditions of release. These conditions are listed in the record, **Doc. 179-1,** and include home detention and location monitoring. Defendant is allowed to leave the home for employment,

education, religious services, medical treatment, attorney visits, court appearances, and other court-ordered obligations.  Defendant is also allowed to leave his home for other obligations as pre-approved by the probation office.

Defendant moves to modify his conditions of release so that his curfew hours are between 11:00 p.m. to 11:00 a.m.  He also requests that be allowed to travel within the Southern District of Alabama. He also apparently seeks permission to travel outside of the southern district of Alabama to Montgomery, Alabama, located in the Middle District of Alabama.  Defendant argues that he has no prior criminal history and the weight of evidence against him is slim.   The Court again concludes that the current conditions are the least restrictive conditions that will reasonably ensure the appearance of Defendant as required or ensure the safety of the community.  The Court therefore declines to modify Defendant's conditions of release as requested.

The Court may consider motions to modify conditions of release pursuant to § 3142(c)(3) and the § 3142(g) factors.  Section 3142(c) explains the procedure for releasing a defendant on conditions:

> If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person ...
> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community ...

*Id*. § 3142(c)(1), *cited in United States v. Plata Hernandez*, 766 F. App'x 651, 654–55 (10th Cir. 2019).  The Court may modify conditions of release.  § 3142(c)(3).  Alternatively, a district judge has the ability to do a *de novo* review of a detention or release order. § 3145; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

The Court may consider the factors set forth in § 3142(g) in making this determination. *United States v. Plata Hernandez*, 766 F. App'x 651, 655 (10th Cir. 2019).   Section 3142(g)

3

provides that a court shall "take into account the available information concerning" four factors in "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*. § 3142(g) (boldface omitted). Those factors are: "(1) the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person, including—(A) ... past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings ..."; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. § 3142(g)(1)-(4) (emphasis added).

The Court analyzes the § 3142(g) factors as follows. A critical factor in this case is the nature and circumstances of the offense and the seriousness of the alleged conduct. Defendant is charged with several crimes which center on his participation in a conspiracy to coerce women into sex trafficking. At a *James* hearing, the Court found by a preponderance of the evidence that Defendant was part of a conspiracy to run a brothel. The nature and circumstances of these crimes are serious. The Government represents that Defendant faces a minimum 15 years to potential guideline range of life imprisonment. The Court has concerns whether Defendant would appear as the case moves forward without the aid of location monitoring and home confinement.

Defendant argues that the weight of the evidence is slight. He appears to assert that he only took payments and there is no evidence that he actively took a role in coercing the women into sex trafficking. The Court does not view the evidence as slim, rather that his role in the conspiracy to commit sex trafficking may have been different than the role of other conspirators. The Court made a ruling at a *James* hearing that a conspiracy to run a brothel existed, and as part of the conspiracy defendants coerced women into sex trafficking.

4

The Court notes that defendant has no prior criminal history.  However, Defendant is the current co-owner of several hotels, and apparently is allowed to leave home detention for his employment.  **Doc. 91.**  The Court finds this concerning, given that the allegations in this case involved his ownership and management of a hotel.   The record appears to reflect that Defendant has access to substantial sums of money in connection with his hotel operations.   Defendant possesses an expired Indian passport, and the Government believes it may be possible for him to renew it.

Finally, the danger to the community is serious.  Defendant allegedly participated in a conspiracy to coerce women into sex trafficking.   He continues to operate a hotel in Alabama.

Considering § 3142(c) and weighing the § 3142(g) factors, the Court concludes that the current conditions of release are the least restrictive conditions required to ensure Defendant's appearance and the safety of the community.

**IT IS THEREFORE ORDERED** that the Defendant Patel's Motion to Modify Conditions of Release **(Doc. 208)** is hereby **DENIED.**

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

5