IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 19-CR-1631 DHU |
| ) | |
| PRAGNESHKUMAR PATEL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PRAGNESHKUMAR PATEL'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO LIMIT IMPEACHMENT [DOC. 492]**

The Defendant, Pragneshkumar Patel, by his attorneys, Jason Bowles of the Bowles Law firm, and Robert J. Gorence of the Gorence Law Firm, LLC, hereby responds to the Government's Motion in Limine to Limit Impeachment [Doc. 492]. In support, Mr. Patel states as follows:

**I.    INTRODUCTION**

The government's Motion employs lurid language and is inflammatory in what can only be a woe begotten attempt to influence the Court to rule in its favor because defense counsel in this case is proceeding not zealously to represent their clients but is engaging in borderline misconduct in an attempt to prevail by demeaning commercial sex workers. Nothing could be further from the truth. When first reading the government's Motion in Limine, undersigned counsel thought it was almost a script from a James Cagney gangster movie from the 30's with language that defense lawyers will "machine gun" a commercial sex worker "about her drug use, her prior criminal history, and the assistance the United States has provided . . . for her." Supposedly, prior to being murdered by the machine guns somehow brought into a federal courthouse, defense lawyers were then going to "feast on her" when she testified. The government then writes with great melodrama "[a]s surely as night follows day, P.M. will be

subjected to a withering and demeaning cross examination." Doc 492 at p. 1.

Actually, counsel for Mr. Patel examined Jane Doe 1 (P.M.) on January 25, 2023, with regard to the Motion to Disqualify AUSA Letitia Simms. The government characterized the Motion as "ill-fated." Actually, the Motion raised serious issues and defense counsel conceded that the evidence was not sufficient to carry the Motion, but that is called candor to the Court on what was a very legitimate issue which was caused by the government's careless language in a *Giglio* disclosure. Be that as it may, on January 25, 2023, the questions by defense counsel were not withering nor demeaning nor was P.M. bleeding from gunfire after her testimony. Instead, there was great empathy and compassion in order to determine if P.M. was impaired by virtue of being under the influence of a narcotic while she was testifying. The Court has access to the transcript, and it is not attached as an exhibit today out of deference to P.M.

What was significant was that P.M. said that she "use[d] drugs every day." P.M. said she still had memory of certain events and thus had a basis to testify. The government, in its motion, states that the questioning by Mr. Gorence went no further concerning her drug use and that specifically the questions did not concern "what drug(s) she uses, whether she has a prescription to use those drugs, and whether the drugs she was referring to are illegal." 492 at pp. 2 and 5.

Counsel for Mr. Patel most certainly did not ask those questions, notwithstanding that P.M.'s lawyer was in the courtroom, because a truthful answer would have incriminated her. Counsel for Mr. Patel were sensitive to P.M.'s Fifth Amendment right to not incriminate herself and did not want her to blurt out an answer under oath that could be used against her. Instead, that examination will come at trial.

### III. ARGUMENT

Thus, the issue before the Court on the government's Motion in Limine is really twofold. First, the government provided a *Giglio* disclosure within its Motion in Limine (Doc. 492). The

government asserts that it has no actual knowledge that P.M. has violated a state court order with regard to her answer that she uses drugs every day when her conditions of release order issued by a State Court District Judge states she must refrain from the use of narcotics. The government asserts that it has no duty to follow-up on P.M.'s testimony in order to ascertain if she is violating her conditions of release. Furthermore, the government asserts the following with regard to P.M.'s conditions of release:

> She has been, and will remain, on her own in connection with that matter. In that regard, the United States has been in contact with no state entity – the police department, the court, or state probation – asking that any special favors be extended to P.M. on any aspect of her state matter. Just as the United States did not turn her in, as the Defendants claim we must, we also have not asked any state authority to refrain from taking whatever action they deem appropriate.

Doc. 492 at p. 3. It is ironic that the government believes that P.M. may be using legal drugs pursuant to a prescription when its introduction asserts that P.M. was "chosen" as a sex worker because "she is vulnerable [and] battles addiction."

Nonetheless, the issue is whether the government conferred a benefit by not alerting a state court judge there was a high degree of certainty P.M. was violating the Court's order allowing her to remain at liberty. The government said that they have no such duty to alert anybody. Would the government take the same position if P.M. was on federal conditions of release and it was Chief Judge Johnson or any of the other federal District Court Judges who issued an order that P.M. could not use drugs? Would the government similarly keep a federal judge in the dark about a possible violation of its order? It's preposterous that the government would take that position with a federal judge. So, in other words, the order from a state court judge really is not all that important to federal prosecutors or law enforcement and it's not that the government had to put her in jail, but the question is, did the government have a duty to alert state probation officers, as well as the state judge, that its order was probably being violated?

There is scant case law because it appears that most federal prosecutors don't go out on the thin ice of the prosecutors in this case and their idea that it's fine to turn a blind eye to criminal conduct. The case cited by the government, *United States v. DiPietro,* 04-cr-1110 (DLC) (S.D.N.Y. Nov. 6, 2009), LEXIS 103431 (9th Cir. Nov. 6, 2009), yet that case is completely distinguishable. There, there was a possible rape allegation, but it was completely unsubstantiated and the court ruled the mere "allegation was (not) sufficiently reliable to trigger any duty to investigate it further…." *Id.* Here, the government's star witness who has addiction issues stated that she used drugs every day when she has a court order prohibiting just that. Her sworn testimony is more than sufficiently reliable to impose a duty on the government to investigate it further or to at least refer the matter to state authorities to investigate the matter. In essence, the government asserts that it is the beneficiary of an ostrich instruction with regard to deliberate ignorance.

Mr. Patel asserts that by not alerting the state authorities, the government has provided a benefit to P.M. and counsel can cross examine her about the benefit.

The second issue raised in the government's Motion in Limine, and what was Mr. Gorence's attempt to not have P.M. incriminate herself in his examination of P.M., is what will happen when she is asked at trial about her "daily drug use" and when she is asked the types of drugs and the frequency in which she uses them and whether or not that is illegal. It would be incredulous that P.M.'s attorney, Ryan Villa, would allow her to incriminate herself on the stand. Counsel for Mr. Patel is alerting the Court that if P.M. asserts her Fifth Amendment privilege against self-incrimination on cross examination, a request will be made to strike all of her testimony. See, *SEC v. Smart,* 678 F.3d 850 (quoting *United States v. 148,840.00 in United States Currency,* 521 F.3d 1268), *United States v. Parcels of Land,* 903 F.2d 36. Counsel for Mr. Patel, as officers of the Court, want to alert this Court that that is a profound issue that the Court

–5–

needs to contemplate in advance before the trial starts.

## IV.   CONCLUSION

In the event the Court denies defense counsel the opportunity from asking P.M. "any question or making any argument concerning an alleged failure by the United States to inform state probation about PM's drug use," obviously, there will be lengthy examination of P.M. outside the presence of the jury about all of P.M.'s drug use and her knowledge that federal prosecutors have not alerted state authorities and state district court judge of her violation. Counsel for Mr. Patel will make a robust record so that in the unlikely event of a conviction this matter could be reviewed by the Tenth Circuit Court of Appeal.

                                              Respectfully submitted,

                                              */s/   Robert J. Gorence*
                                              Robert J. Gorence
                                              Gorence Law Firm, LLC
                                              300 Central Avenue SW, Suite 1000E
                                              Albuquerque, NM 87102
                                              Phone: 505-244-0214
                                              Email: gorence@golaw.us

                                              ---and---

                                              Jason Bowles
                                              Bowles Law Firm
                                              4811 Hardware Drive, Bldg. D, Suite 5
                                              Albuquerque NM 87109
                                              Phone:   (505) 217-2680
                                              Email: jason@bowles-lawfirm.com

                                              *Attorneys for Defendant Pragneshkumar Patel*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of April, 2023, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Alexander Uballez, Attorney for the United States
alexander.uballez@usdoj.gov

Letitia Simms, Attorney for the United States
letitia.simms@usdoj.gov

Jack Burkhead, Attorney for the United States
jack.e.burkhead@usdoj.gov


*/s/ Robert J. Gorence*
Robert J. Gorence
Gorence Law Firm, LLC