IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 19-CR-1631 DHU |
| ) | |
| PRAGNESHKUMAR PATEL, ) | |
| ) | |
| Defendant. ) | |

## **DEFENDANT PRAGNESHKUMAR PATEL'S SENTENCING MEMORANDUM**

Defendant, Pragneshkumar Patel, by and through his attorneys of record, Jason Bowles of the Bowles Law Firm, and Robert J. Gorence of the Gorence Law Firm, LLC, hereby respectfully submits his Sentencing Memorandum and states as follows:

**I.     INTRODUCTION**

The Defendant, Pragneshkumar Patel, had a somewhat challenging time writing this sentencing memorandum without the Court having ruled on his objections to the PSR. (Doc.610). The Presentence Investigation Report (PSR) pertaining to Mr. Patel has the greatest disparity of what counsel estimated, and communicated to Mr. Patel, by virtue of the dismissal of sex trafficking counts and Mr. Patel's incredibly limited involvement with the Best Choice Inn. Obviously, the sentencing hearing where the Court will rule on the objections to the PSR will be hugely influential, if not determinative, in establishing an applicable guideline range. It is important to note the ferocity of how this case was litigated and in the end the government's complete capitulation in a plea that Mr. Patel was not engaged in sex trafficking. Mr. Patel's objections to the PSR request that those paragraphs pertaining to sex trafficking be deleted, but of course the Court has not yet ruled on that. The PSR, *sub silentio,* assumes that Mr. Patel is a sex trafficker notwithstanding the lack of conviction. The government dismissed the sex trafficking

counts for a reason. That reason was clearly defined following the *James* hearing in this case (Doc. 207, 223) and Mr. Patel's representation to the Court that the government's theory of sex trafficking not only was novel but had never been tested and bordered on the ridiculous.

Mr. Patel pled guilty to aiding and abetting the maintenance of a drug involved premises. His factual basis, as set forth in the plea, Doc. 580, is as follows:

> Beginning in or around September 2017, I purchased the Best Choice Inn located at 7640 Central Avenue Southeast in Albuquerque, New Mexico, in Bernalillo County, in the District of New Mexico. From September 2017 to approximately March 2018, I managed and controlled the Best Choice Inn. In March 2018, I leased the Best Choice Inn to my co-defendant Kamal Bhula, who took over the on-site management of the hotel until law enforcement shut it down on June 18, 2019. From September 2017 through June 18, 2019, I made a profit from renting this hotel to tenants who used controlled substances on the premises, and I made it available for the purpose of unlawfully using controlled substances. In my capacity as an owner and manager, I knew the tenants I rented to and persons I employed were using controlled substances in the individual rooms of the hotel and on the overall premises. Additionally, in my capacity as the owner and manager, I knew that rampant drug use was occurring at the Best Choice Inn by the tenants and employees. I was confronted with physical evidence of pervasive drug use at the Best Choice Inn, and I personally observed such activity on the premises. Thus, I knew that using controlled substances was one of the primary purposes of the Best Choice Inn. I nevertheless allowed it to continue.

Clearly, Mr. Patel was not a drug trafficker himself. Mr. Patel admitted that he made a profit from people to whom his hotel, that he had a 25% interest in, rented to tenants who "u*sed controlled substances on the premises.*" Mr. Patel acknowledged that his hotel was made available to people who "unlawfully used controlled substances." Mr. Patel never sold drugs at the hotel, never had any ownership of drugs at the hotel, and didn't think that the hotel was anything more than a place where tenants consumed personal use narcotics.

## II.   NATURE AND CIRCUMSTANCES OF THE DEFENDANT

This case is an American Tragedy.  Theodore Dreiser may have written about it in 1925,

but it rebounds over a century later. Paragraphs 78 through 85 of the PSR describe in one small part the unique success of the American experiment. Mr. Patel grew up without a father and then a mother who only raised him for a few years. *See* PSR at ¶¶ 78-79. His mother then left him with relatives while she immigrated to America. Mr. Patel grew up with the challenge of not knowing either of his parents, but he persevered in India.

Mr. Patel legally entered the United States in 2005 when he was still a teenager and he obtained permanent visa status. He became a naturalized U.S. citizen in 2011 because he loves this country and made a commitment to raise his family here and to make this country a better place.

As set forth in paragraphs 71-76 of the PSR, Mr. Patel has never been arrested, much less convicted, of anything either as a juvenile or as an adult. Mr. Patel was arrested in this case on November 19, 2019, and was released on November 20, 2019, on conditions of release. As such, he has served two days in custody. Mr. Patel's pretrial release required him to adhere to very stringent conditions. He wore an ankle bracelet. He had exacting reporting requirements. He had a very strict curfew. Mr. Patel pled guilty to several counts of the Second Superseding Indictment on July 13, 2023. So, in other words, he was on pretrial release without a single infraction for three and a half years.

Mr. Patel was everything that the United States would ask of an immigrant who legally entered the country and became a citizen. He got married in 2011 and he and his wife are successfully raising two children who are doing great in school. Mr. Patel has been the clear bread winner in the relationship because his wife was not educated in India and thus is a full-time caretaker to their children. Mr. Patel's wife has never been involved with the criminal justice system. Instead, they are first generation Americans working as hard as they can to make a better future for their children.

Mr. Patel started work as a handyman and ultimately got involved in hotel and hospitality management. He was assisted with capital from his mother. The hotels in which Mr. Patel has an interest are set forth in paragraphs 95 through 105 of the PSR. Mr. Patel has worked hard to obtain interest in hotels that primarily cater to low budget hospitality patrons, and some of the hotels are in distressed city locations. That was exactly the case with the Best Choice Inn in Albuquerque.

The nature and characteristics of Mr. Patel both prior to and after the allegations and conviction in this case, his time on pretrial conditions, and the other factors in his life point to a sentence of leniency.

### III.  THE NATURE AND CIRCUMSTANCES OF THE CRIMINAL CONDUCT

Mr. Patel acknowledged in his plea that he had minimal knowledge of drug use at the Best Choice Inn. After his participation in the purchase of the Best Choice Inn, Mr. Patel managed the property for a little less than six months from September 2017 to early March 2018. *See* PSR at ¶ 36. Mr. Patel leased the property to a family member, Kamal Bhula, who became the manager in March 2018. Mr. Bhula hired co-defendants Craft, Horton and Hill. PSR at ¶ 36. The evidentiary hearing in this matter will show the "maintenance of drugs at the hotel," as set forth in paragraphs 17 through 30, as well as paragraphs 35 through 40 of the PSR, are only minimally related to Mr. Patel. The evidentiary hearing with regard to the objections to the PSR will illuminate that fact further.

Mr. Patel was not a sex trafficker and only minimally had possible knowledge of the fourth-degree felony of prostitution as a state matter occurring at the hotel in which he had a 25% ownership. But Mr. Patel clearly was not a drug trafficker. The government does not even allege as much. Massive quantities of narcotics were never stored at the Best Choice Inn. *See* PSR at ¶¶ 25, 26, 29. When the Court looks at the drug quantities, it can easily ascertain that the Best Choice

4

Inn was not used as a "stash house." These were personal use quantities being consumed unfortunately by a displaced and uncared for population. To correspond simple drug use at a hotel on East Central with the drug conversion categories of a major drug trafficker is quite frankly preposterous. It is as if the government seeks to obtain a sex trafficking conviction for simple narcotic possession use at a hotel that caters to a dispossessed population.

Undersigned counsel have pondered endlessly the conundrum of the Best Choice Inn. Undersigned counsel, in 2011, tried a case in federal court in Las Vegas, Nevada, having to do with Las Vegas nightclubs. No further detail is necessary but suffice it to say that it was apparent that simple prostitution was occurring at all of the venues that related to that lawsuit. Counsel does not want to disparage any of the fine hotels on the Vegas Strip, but it is inconceivable that there is not rampant drug use on the Las Vegas Strip. It is also inconceivable that simple prostitution, illegal in that part of Nevada, occurs at those hotels. Yet Mr. Patel, by virtue of his plea, is in essence being characterized as a major drug kingpin by virtue of the inflated offense level. This Court should reject that.

The Court will rule on the objections to the PSR, but with regard to the section 3553(a) factors, Mr. Patel asserts that the nature and characteristics of him as a defendant demonstrates that he is a loyal, law-abiding citizen who works hard and takes care of his family. With regard to the nature of his offense conduct, Mr. Patel asserts that he did nothing more than know that some drug activity was occurring at a hotel that he was not at while he was a 25% owner. These factors point the Court to a sentence of probation.

**IV.    SENTENCING DETERRENT**

Mr. Patel has agreed to forfeit his 25% interest in Best Choice Inn. That is a very significant financial penalty. Mr. Patel has been severely crippled from being able to engage in his business

5

in what has now been the last five years. It does not appear that Albuquerque has radically changed with this indictment nor would it change with Mr. Patel's incarceration. Tragically, guns and drugs, particularly now fentanyl, still rule our city on East Central. There would be no deterrent effect to incarcerating Mr. Patel along the lines of what the PSR recommends.

## V.     PROTECTION OF THE COMMUNITY

Mr. Patel is no longer involved in the hospitality industry in Albuquerque and, suffice it to say, he has radically changed his business model with hotels in other states. He has not been charged with anything since 2019 in any of his other hotels. The reason for that is that Mr. Patel has had a harsh and sharp education, unlike Vegas hotels, in what is permissible when doing business. He is an honest and thorough businessman and this criminal conduct has little likelihood of repetition.

## VI.    CONCLUSION

Mr. Patel requests a sentence of probation. He never encountered a problem before venturing into the land of enchantment, yet somehow he got caught up in this beloved state. It was not by design nor intent and he is neither a sex trafficker nor pimp. Mr. Patel has admitted his criminal conduct sufficient to make a factual basis to knowing that his hotel was being used to consume narcotics. He has been more than punished for that and he respectfully requests that he not be incarcerated after whatever other financial penalties are imposed so he can take care of his wife and two children.

Respectfully submitted,

*/s/ Robert Gorence*
Robert Gorence
Gorence Law Firm, LLC
300 Central Avenue SW, Suite 1000E
Albuquerque, NM 87102
Phone: 505-244-0214
Email: gorence@golaw.us

---and---

Jason Bowles
Bowles Law Firm
4811 Hardware Drive, Bldg. D, Suite 5
Albuquerque NM 87109
Phone: (505) 217-2680
Email: bowles@bowles-lawfirm.com

*Attorneys for Pragneshkumar Patel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of January, 2024, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jack E. Burkhead, Attorney for the United States
jack.e.burkhead@usdoj.gov

Letitia Simms, Attorney for the United States
letitia.simms@usdoj.gov

*/s/ Robert J. Gorence*
Robert J. Gorence
Gorence Law Firm, LLC.